FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2013 FEB -8 PM 1:12

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

JODY GRAY,

    Plaintiff,

-vs-

MORGAN DREXEN, INC,

    Defendant

CASE NO.:

2:13-cv-83-FtM-29DNF

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332.

3.     The alleged violations described in the Complaint occurred in Lee County, Florida

### FACTUAL ALLEGATIONS

4.     Plaintiff, Jody Gray, is a natural person, and citizen of the State of Florida, residing in Lee County, Florida.

5.     Defendant, Morgan Drexen Incorporation, is a corporation and a citizen of the State of Nevada with its principal place of business at 675 Anton Blvd. Costa Mesa, CA, 92626

6.     Each call the Defendant made to the Plaintiff's cellular telephone was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or using an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

1

7. Each call the Defendant made to the Plaintiff's cellular telephone number, (305) 335-7561, was done so without the "prior expressed written consent" of the Plaintiff. Some or all of the calls came from a telephone number: 800-868-1458.

8. At all times material, Plaintiff was and is the subscriber and regular user and carrier of the cellular telephone with the number (305) 335-7561, and was the recipient of Defendant's calls.

9. In approximately September, 2010, Plaintiff contacted Defendant to request information about personal debt consolidation services. Shortly thereafter, Defendant mailed Plaintiff a packet of information. Plaintiff reviewed the information and decided not to pursue the services of the Defendant. At no time did Plaintiff give Defendant her "prior express written consent" to be called by Defendant with an "automatic telephone dialing system" and/or using an artificial or pre-recorded voice.

10. On or about September 30, 2010, Defendant contact Plaintiff on her cellular telephone phone to follow-up on the previous conversation. Plaintiff instructed an agent and/or representative of the Defendant that she had decided against it, advising Defendant she did not wish to pursue their services and to stop their calls.

11. On approximately five (5) separate occasions Plaintiff had substantially similar conversations with an agent and/or representative of the Defendant after receiving a call to her cellular telephone.

12. Despite being informed that Plaintiff did not wish to pursue any business relationship and to be removed from their call list, Defendant preceded to contact Plaintiff on her cellular telephone, and continued to do so, using an automated telephone dialing system and/or an artificial or pre-recorded voice.

2

13. In or about December, 2010 and/or January, 2011, Plaintiff began receiving automated telephone calls and/or calls using an artificial or pre-recorded voice to her cellular telephone, number (305) 335-7561.

14. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

15. Upon information and belief, Plaintiff received approximately one hundred (100) calls from Defendant from March 2012 through April 30, 2012, and possibly more. While Plaintiff did not document each and every call made by Defendant to Plaintiff's cellular telephone, the attached **Exhibit "A"** is a reflection of Defendant's call frequency concerning those calls Plaintiff did document.

16. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they do not consent to the calls and are not interested in their services.

17. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

18. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

19. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

20. Plaintiff incorporates Paragraphs one (1) through nineteen (19).

21. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Dated this 18th day of January, 2013.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0135534
MVitoria@forthepeople.com
Attorney for Plaintiff