```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JODY GRAY,

       Plaintiff,

v.                                   Case No: 2:13-cv-83-FtM-29DNF

MORGAN DREXEN, INC.,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Jody Gray's Motion for Partial Summary Judgment as to Count I (Violation of the TCPA) of the Complaint (Doc. #15), filed January 21, 2014, and Defendant's Response (Doc. #22), filed February 14, 2014.[1]  For the reasons set forth below, the motion is denied.

---

[1] On June 3, 2014, Defendant filed a Notice of Filing Supplemental Authority (the Notice). (Doc. #29.) The Notice (1) appends two exhibits inadvertently omitted from the previously-filed Declaration of Pat Garcia in Opposition to Plaintiff's Motion for Partial Summary Judgment; (2) appends the transcript of Plaintiff's deposition, which was taken after Plaintiff filed the instant Motion for Partial Summary Judgment; (3) appends correspondence between counsel for the parties concerning a discovery dispute; and (4) contains Defendant's arguments as to why the newly-provided documents warrant denial of Plaintiff's motion. (Id.) The Court notes that the Notice violates M.D. Fla. R. 3.01(c), which prohibits parties from filing "any reply or further memorandum directed to [a] motion" without the Court's leave.  Nevertheless, the Court concludes that Plaintiff's Motion for Partial Summary Judgment must be denied even if Defendant's June 3, 2014 filing is ignored altogether.

**I.**

This case concerns alleged violations of the Telephone Consumer Protection Act (TCPA), which prohibits making autodialed or prerecorded calls to cellular telephones without the recipient's consent. 47 U.S.C. § 227. On February 8, 2013, Plaintiff Jody Gray (Gray or Plaintiff) filed a one-count Complaint (Doc. #1) alleging that Defendant Morgan Drexen, Inc. (Defendant or Morgan Drexen) violated the TCPA by making autodialed and prerecorded calls to Gray's cellular telephone without her consent. (Id.)

Morgan Drexen is a legal support company based in Costa Mesa, California. (Doc. #22, p. 2.) It serves as a call center for certain law firms, receiving calls made in response to advertisements for legal services. (Id.) It is undisputed that, on August 28, 2010, Gray initiated contact with Morgan Drexen by responding to an advertisement for debt consolidation services placed by one of Morgan Drexen's law firm clients. (Doc. #16-1, ¶ 2; Doc. #22, p. 3.) It is also undisputed that, following Gray's initial inquiry, Morgan Drexen used an automatic telephone dialing system to call Gray's cellular phone and leave a prerecorded message 259 times. (Doc. #15, p. 2; Doc. #16-10, p. 64.) The calls in question began shortly after Gray's initial inquiry and ended on March 22, 2012. (Doc. #16-8; Doc. #16-10, p. 63.)

2

Although the parties agree on the number of autodialed and prerecorded calls and the dates on which the calls were made, they disagree as to whether Morgan Drexen had Gray's consent to make them. Gray argues that she never gave Morgan Drexen her consent and, in any event, she revoked any consent she may have given when she spoke with a Morgan Drexen representative on September 21, 2010. (Doc. #15.) Accordingly, Gray seeks a ruling that Morgan Drexen is liable under the TCPA for all 259 calls or, in the alternative, the 252 calls made after September 21, 2010. (Id.)

Morgan Drexen responds that Gray gave her consent during her initial inquiry and did not request that Morgan Drexen stop calling her until March 23, 2012. (Doc. #22.) Accordingly, Morgan Drexen contends that all 259 calls were permissible. (Id.)

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

3

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

Congress passed the TCPA to protect individual consumers from receiving unwanted automated and prerecorded calls. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012). In pertinent part, the TCPA prohibits "mak[ing] any call (other than a call made . . . with the prior express consent of the called party)

using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private right of action through which an individual may recover actual monetary losses or $500 per violation, with treble damages available for willful or knowing violations. Id. § 277(b)(3).

The TCPA "does not require any intent for liability except when awarding treble damages." Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir. 2011). Thus, to prevail on a TCPA claim, a plaintiff need only show that the defendant placed a call to plaintiff's cellular telephone via an automatic telephone system or using a prerecorded voice. Murphy v. DCI Biologicals Orlando, LLC, No. 12-CV-1459, 2013 WL 6865772, at *4 (M.D. Fla. Dec. 31, 2013); Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d. 1316, 1319 (S.D. Fla. 2012). However, a defendant can nevertheless avoid liability by demonstrating, as an affirmative defense, that the calls were made with the recipient's "express consent." Id.

Since the parties agree that Morgan Drexen made autodialed and prerecorded calls to Gray's cellular telephone, the only issues bearing on Morgan Drexen's liability are (1) whether Gray consented

5

to the calls; and (2) if she did, whether she revoked consent before Morgan Drexen ceased calling.

**A.   Whether Gray Gave Consent**

The TCPA does not define "express consent." However, Congress delegated to the FCC the authority to make rules and regulations to implement the TCPA.  47 U.S.C. § 227(b)(2).  Under this rulemaking authority, the FCC has stated:

> "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. Hence, telemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached."

<u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, Report and Order, 7 F.C.C.R. 8752, ¶ 31 (1992) (the 1992 FCC Order).[2]  Accordingly, a caller is not liable for autodialed or prerecorded calls made to a contact number provided by the recipient.  <u>Id.</u>; <u>see also</u> <u>Murphy</u>, 2013 WL 6865772, at *8.

Gray does not contest that she gave Morgan Drexen her cellular phone number when she contacted them to request debt relief

---

[2] Although the FCC's January 4, 2008 Declaratory Ruling cited by Plaintiff also addresses express consent, it is inapplicable here because it concerns consent only in the context of calls made by creditors or debt collectors. <u>See</u> <u>In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, Declaratory Ruling, 23 F.C.C.R. 559, ¶ 1 (2008).

6

information. (Doc. #15, p. 5; Doc. #22-1, ¶¶ 7-9.) Additionally, there is no evidence of "instructions to the contrary" within the meaning of the 1992 FCC Order. Nevertheless, Gray argues that there is no evidence in the record from which a reasonable jury could conclude that Gray provided "prior express consent to be called by Defendant using an automatic telephone dialing system, artificial voice and/or prerecorded voice." (Doc. #15, p. 11.) While this may be factually correct, the 1992 FCC Order is clear that merely providing a number "as one at which the called party wishes to be reached" constitutes the required consent. 7 F.C.C.R. 8752, ¶ 9; see also Murphy, 2013 WL 6865772, at *8. Thus, given the evidence establishing that Gray provided her cellular phone number to Morgan Drexen, Gray has not shown that no material issues of fact exist regarding whether she provided Morgan Drexen express consent to be contacted.

**B.  Whether Gray Revoked Consent**

Although a reasonable jury could conclude that Gray consented to Morgan Drexen's calls by providing her cellular phone number during her initial August 28, 2010 inquiry, this does not end the analysis because Gray contends that she revoked any such consent as early as September 21, 2010. (Doc. #15, p. 3.)

While the TCPA is silent on whether a consumer may revoke previously-granted consent, the Eleventh Circuit recently

concluded that consumers may revoke TCPA consent orally or in writing. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014). In doing so, the Eleventh Circuit explained that a disagreement regarding if and when consent was orally revoked is "exactly the kind of factual dispute that cannot be properly resolved on summary judgment." Id. at 1256. That is precisely the case here. Gray contends that she revoked consent orally on at least three occasions prior to the last of Morgan Drexen's calls. (Doc. #16-1, ¶¶ 4, 8.) Morgan Drexen responds that, based on a review of its records, Gray made no such revocations. (Doc. #22-1, ¶ 13.) Thus, summary judgment is inappropriate because material issues of fact exist regarding if and when Gray revoked any consent she may have given.

Accordingly, it is now

**ORDERED:**

Plaintiff Jody Gray's Motion for Partial Summary Judgment as to Count I (Violation of the TCPA) of the Complaint (Doc. #15) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of June, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

8