UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JODY GRAY,

        Plaintiff,

v.                                    Case No: 2:13-cv-83-FtM-29DNF

MORGAN DREXEN, INC.,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Morgan Drexen's Motion In Limine On Prior Express Consent (Doc. #31), filed August 29, 2014, and Plaintiff's Response (Doc. #33), filed September 4, 2014.  For the reasons set forth below, the motion is denied.

**I.**

This case concerns alleged violations of the Telephone Consumer Protection Act (TCPA), which prohibits making autodialed or prerecorded calls to cellular telephones without the recipient's consent.  47 U.S.C. § 227.  Plaintiff Jody Gray (Gray or Plaintiff) has filed a one-count Complaint (Doc. #1) alleging that Defendant Morgan Drexen, Inc. (Defendant or Morgan Drexen) violated the TCPA by making autodialed and prerecorded calls to Gray's cellular telephone without her consent.  (Id.)

Morgan Drexen is a legal support company based in Costa Mesa, California.  (Doc. #22, p. 2.)  It serves as a call center for

certain law firms, receiving calls made in response to advertisements for legal services. (Id.) On August 28, 2010, Gray initiated contact with Morgan Drexen by responding to an advertisement for debt consolidation services placed by one of Morgan Drexen's law firm clients. (Doc. #16-1, ¶ 2; Doc. #22, p. 3.) During this initial inquiry, Gray provided Morgan Drexen with her cellular phone number. (Doc. #15, p. 5; Doc. #22-1, ¶¶ 7-9.) Subsequently, Morgan Drexen used an automatic telephone dialing system to call Gray and leave a prerecorded message 259 times. (Doc. #15, p. 2; Doc. #16-10, p. 64.) The calls in question began shortly after Gray's initial inquiry and ended on March 22, 2012. (Doc. #16-8; Doc. #16-10, p. 63.) Although the parties agree on the number of autodialed and prerecorded calls and the dates on which the calls were made, they disagree as to whether Morgan Drexen had Gray's consent to make them. Gray argues that she never gave Morgan Drexen her consent and, in any event, she revoked any consent she may have given when she spoke with a Morgan Drexen representative on September 21, 2010. Morgan Drexen responds that Gray gave her consent during her initial inquiry and did not request that Morgan Drexen stop calling her until March 23, 2012.

Morgan Drexen seeks an *in limine* order (1) confirming that the Court determined as a matter of law that Morgan Drexen obtained Gray's express consent to call her; and (2) precluding Gray from arguing to the contrary at trial. In response, Gray argues (1) that Morgan Drexen's motion is an impermissible attempt to seek

partial summary judgment after the deadline for dispositive motions has passed; (2) that the Court never determined as a matter of law that Morgan Drexen obtained her consent; and (3) that evidence regarding the substance of Gray's communications with Morgan Drexen is relevant to the issue of consent and, therefore, should not be precluded.

## II.

"A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial," Stewart v. Hooters of Am., Inc., No. 04-CV-40, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007), but "is not the proper vehicle to . . . narrow the issues to be tried," Variable Annuity Life Ins. Co. v. Laeng, No. 12-CV-2280, 2013 WL 3992418, at *2 (M.D. Fla. Aug. 2, 2013). Therefore, motions *in limine* that are "nothing more than disguised bases for a summary judgment motion" must be denied. Id. at *3. "The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Stewart, 2007 WL 1752843, at *1.

## III.

Morgan Drexen's first request is for an order confirming that the Court determined as a matter of law that Morgan Drexen obtained Gray's express consent to call her. However, contrary to Morgan

Drexen's suggestion, the Court never made such a determination. The Court merely ruled that Gray had not shown an *absence* of consent as a matter of law.  (Doc. #30, p. 7.)  Morgan Drexen chose not to move for summary judgment on the issue of consent.  Having made that decision, Morgan Drexen cannot now, nearly three months after the deadline for dispositive motions has passed, seek such a ruling under the guise of a motion in limine.  Laeng, 2013 WL 3992418 at *2.  Accordingly, the first request in Morgan Drexen's motion *in limine* is denied.

Morgan Drexen also requests an order precluding Gray from arguing at trial that she did not give Morgan Drexen permission to call her.  Absent "instructions to the contrary," an individual consents to be contacted for the purposes of the TCPA merely by providing a number "as one at which the called party wishes to be reached."  In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 F.C.C.R. 8752, ¶ 31 (1992) (the 1992 FCC Order[1]); see also Murphy v. DCI Biologicals Orlando, LLC, No. 12-CV-1459, 2013 WL 6865772, at *8 (M.D. Fla. Dec. 31, 2013).  Morgan Drexen is correct that Gray has not presented any evidence that she gave "instructions to the contrary" within the meaning of the 1992 FCC Order.  (Doc. #30, pp. 6-7.)  However, Morgan Drexen never moved for summary

---

[1] Congress delegated to the FCC the authority to make rules and regulations to implement the TCPA.  47 U.S.C. § 227(b)(2).

judgment on the issue of consent (which would have obligated Gray to put forth her evidence of "instructions to the contrary"), and the mere fact that such evidence is not currently in the record does not preclude Gray from presenting it (if it exists) at trial. Accordingly, Morgan Drexen has not identified any grounds to preclude Gray from arguing that she did not provide express consent to be called when she gave Morgan Drexen her phone number on August 28, 2010.  Therefore, the second request in Morgan Drexen's motion *in limine* is denied.

Accordingly, it is now

**ORDERED:**

Defendant Morgan Drexen's Motion In Limine On Prior Express Consent (Doc. #31) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record